UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RENE JOHN JONES,

        Plaintiff,

vs.                                  Case No.  3:12-cv-718-J-25MCR

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[2]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (Doc. 20) filed December 2, 2012. Plaintiff requests a remand for the Commissioner of Social Security to consider new medical records, which were generated after the date of the administrative law judge ("ALJ")'s decision. (Id.). On December 14, 2012, the Commissioner filed a Response in Opposition to Plaintiff's Motion. (Doc. 22). Because Plaintiff has failed to establish sufficient grounds for a sentence six remand, his motion is due to be **DENIED.**

---

    [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    [2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 12).

-1-

## I.     STANDARD FOR REMAND PURSUANT TO 42 U.S.C. § 405(g)

The sixth sentence of 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner for consideration of new evidence that was previously unavailable.  42 U.S.C. § 405(g).  "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267 (11th Cir. 2007).  To show that a sentence six remand is needed, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).

The new evidence must relate to the period on or before the date of the ALJ's decision.  See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir.1999); cf. 20 C.F.R. §§ 404.970(b), 416.1470(b) (requiring Appeals Council to consider new evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision").  Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefit from a new application, but it is not probative of whether a person is disabled during the specific period under review.  See Wilson, 179 F.3d at 1279.

In contrast, evidence of a condition that existed prior to the ALJ's hearing, but was not discovered until afterward, is new and non-cumulative.  See, e.g., Vega v.

Comm'r of Soc. Sec., 265 F.3d 1214, 1218–19 (11th Cir.2001) (concluding remand was warranted based on evidence that after the ALJ hearing a doctor discovered and surgically corrected a herniated disk); Hyde v. Bowen, 823 F.2d 456, 459 & n. 4 (11th Cir.1987) (concluding remand was warranted based on new evidence that claimant's prosthetic device was loose, which, "if accepted" provides "an objective medical explanation" for claimant's previously unexplained complaints of pain in his hip and leg).

**II.     ANALYSIS**

The new evidence in this case consists of a November 9, 2012 letter from the Sulzbacher Center Medical Director Dr. Mary K. Robinson, M.D., an October 10, 2012 letter from the Sulzbacher Center's Director of Behavioral Health Services, Dr. Richard C. Christensen, M.D., and a Mental Residual Functional Capacity Questionnaire completed by Dr. Christenson on October 10, 2012.  (Doc. 21, Ex. A-C).

As an initial matter, the Court notes that it is questionable whether Plaintiff established the requisite good cause for not obtaining and submitting this evidence to the ALJ.  The good cause requirement was designed to "prevent claimants from attempting to withhold evidence" or encouraging them to "'seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal.'" Milano v. Bowen, 809 F.2d 763, 767 (11th Cir. 1987) (citations omitted).  Here, it appears Plaintiff was represented by a different attorney in the underlying proceedings and obtained his current counsel after the Appeals Council denied review.  See (Tr. 1-3, 6). Although Plaintiff's current counsel states that he "immediately requested" the new evidence after meeting with Plaintiff and reviewing the administrative record, Plaintiff's

previous counsel already obtained the records from the Sulzbacher Center, and submitted those records for the ALJ's review.  See (Tr. 274, 281).  Plaintiff has not provided any explanation as to how this change in counsel might establish good cause for failing to obtain this evidence earlier.  See Geyen v. Sec'y of Health & Human Servs., 850 F.2d 263, 264 (5th Cir. 1988) (holding that obtaining new counsel was insufficient to show good cause because "[s]uch a rule would require [the] court to order a new beginning ... whenever an applicant acquires a new lawyer with a new idea").  As such, the ALJ's decision should not be remanded simply because Plaintiff's current counsel asked a doctor to produce additional evidence two years after the ALJ's decision.  See Falge, 150 F.3d at 1323 (noting the absence of good cause to submit a report prepared after the ALJ's decision); Vlamakis v. Comm'r of Soc. Sec., 172 F. App'x 274, 277 (11th Cir. 2006) (finding the absence of good cause for not obtaining a physician's letter at an earlier date when the evidence upon which the letter was based had been available several years before the administrative proceedings began); Caulder, 791 F.2d at 879 (holding good cause would not be present if a plaintiff "procrastinated in obtaining copies of evidence readily obtainable"); Fremd v. Barnhart, 412 F. Supp. 2d 1245, 1258-59 (M.D. Ala. 2005) (finding good cause lacking where new evidence was based on observations and examinations before the ALJ's decision and claimant failed to proffer an explanation for the delayed submission).

  Even assuming *arguendo* that Plaintiff established the requisite good cause for not submitting the new evidence to the ALJ, the Court find the evidence fails to satisfy the materiality requirement for remand under sentence six.  First, the Court finds the

November 9, 2012 letter from Dr. Robinson could not be reasonably expected to change the ALJ's decision.[3] See (Doc. 21-A). The weight afforded a medical source's opinion regarding the nature and severity of a claimant's impairments depends upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support his or her opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. 20 C.F.R. §§ 404.1527(c), 416.927(c). The opinion of a physician, even a treating physician, may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. Id. Moreover, opinions on some issues, such as whether a claimant is disabled and the claimant's residual functional capacity ("RFC"), "are not medical opinions, ... but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d). Dr. Robinson's opinion in her November 2012 letter that Plaintiff is "unable to work" concerns an issue reserved for the Commissioner; thus, her opinion would not be entitled to controlling weight.

In addition, Dr. Robinson's opinions are not supported by medical evidence, including her treatment notes. See (Tr. 286-291). For example, Dr. Robinson opined in

---

[3] In said letter, Dr. Robinson opined that Plaintiff "is clearly unable to work in a competitive work environment." In addition, Dr. Robinson opined that Plaintiff "was incapable of doing the physically demanding outdoor labor available to him given his level of education and lack of professional skill." (Doc. 21-A, pp. 1-2).

her letter that Plaintiff was physically unable to perform work that requires bending, lifting, working at heights, or prolonged standing or sitting and references symptoms and diagnoses including osteoarthritis, myalgias, arthritis, and degenerative disc disease. (Doc. 21-A, p. 1). However, there is no indication that Plaintiff reported such symptoms or was diagnosed or treated for any of these conditions. See (Tr. 275-80, 282-295). Dr. Robinson also opined that Plaintiff "was incapable of doing the physically demanding outdoor labor available to him given his level of education and lack of professional skill." (Doc. 21-A, p. 1). However, this opinion is based on vocational factors outside Dr. Robinson's area of expertise. Thus, the ALJ is under no duty to give this opinion controlling weight. See SSR 96-5p (issue of how vocational factors of age, education, and work experience apply is reserved to the Commissioner and treating source opinions on this issue are never entitled to controlling weight or special significance).

Given the lack of evidence to support Dr. Robinson's opinions regarding Plaintiff's alleged physical limitations and her consideration of issues reserved to the Commissioner, the ALJ would not reasonably have given her opinions any relevant weight. Therefore, Dr. Robinson's letter and the opinions contained therein fail to satisfy the materiality requirement for remand under sentence six.

Plaintiff has similarly failed to establish that Dr. Christensen's letter and mental RFC questionnaire could reasonably be expected to change the ALJ's decision. See (Docs. 21-B, C). Although Plaintiff characterizes Dr. Christensen as a treating

physician, the record is devoid of evidence establishing this relationship.[4]  Thus, Dr. Christensen's opinions would not be entitled to special consideration by the ALJ.  See 20 C.F.R. §§ 404.1502, 404.1527(c)(2), 416.902, 416.927(c)(2).

Finally, the Court finds Dr. Christensen's opinions are not supported by the evidence of psychiatric treatment performed at the Sulzbacher Center.  See (Tr. 282-84).[5]  In her treatment notes from Plaintiff's November 2010 psychiatric evaluation, it was noted that Plaintiff had a history of schizophrenia, paranoid type, he had not been on medication for three years and "appear[ed] to be doing well." (Tr. 283).  It was also noted that Plaintiff displayed "no overt psychosis".  Plaintiff was diagnosed with alcohol dependence (abstinent), depression, mild neurocognitive dysfunction, and a history of schizophrenia, paranoid. (Id.).  It was noted that Plaintiff "probably does need disability given his Hep C status" but the record makes no mention of any limitations based on his mental condition. (Id.).  These treatment notes do not support Dr. Christensen's

---

[4] In his October 2012 letter, Dr. Christensen states that Plaintiff has been under the psychiatric care of himself and Kathy Gray, ARNP, since November 24, 2010.  (Doc. 21-B, p. 1). The only evidence of a treating relationship is Ms. Gray's treatment notes from Plaintiff's psychiatric evaluation performed on November 24, 2010, which make no mention of Dr. Christensen. (Tr. 282-84).  However, even if Dr. Christensen was involved with Plaintiff's November 2010 evaluation, a single examination is insufficient to establish a treating relationship.  See 20 C.F.R §§ 404.1527(c)(2), 416.927(c)(2).

[5] Dr. Christensen opined in his October 2012 letter that Plaintiff had schizophrenia, paranoid type, and experienced persistent difficulties with cognitive deficits of attention, concentration, and task completion as a result of his condition. (Doc. 21-B, p. 1).  Dr. Christensen concluded that Plaintiff "remain[ed] highly impaired due to chronic schizophrenia" and "would [not] ever be capable of gaining and sustaining competitive employment. (Id. at p. 2).  On the mental RFC questionnaire, Dr. Christensen checked boxes indicating that Plaintiff was unable to work in coordination with or proximity to others without being unduly distracted, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, deal with normal work stress, understand and remember detailed instructions, or carry out detailed instructions. (Doc. 21-C, pp. 2-3).

assessment that Plaintiff was "highly impaired" due to chronic schizophrenia or his opinion that Plaintiff suffered from severe mental limitations. See (Tr. 282-84). Thus, the Court finds that both Dr. Christensen's letter and mental RFC questionnaire fail to satisfy the materiality requirement for remand under sentence six.[6]

### III.  CONCLUSION

In light of the foregoing, the Court finds Plaintiff failed to show that the letters from Dr. Robinson and Dr. Christensen and the mental RFC questionnaire were material. Further, he failed to demonstrate good cause for failing to submit this evidence at the administrative level. Therefore, a remand under the sixth sentence of § 405(g) is not warranted. See Caulder, 791 F.2d at 877; see also Brown v. Schweiker, 557 F. Supp. 190, 193-94 (M.D. Fla. 1983) (stating that sentence six remands under section 405(g) "should be narrowly circumscribed" in order to "facilitate the speedy disposition of meritorious claims" and prevent further delays due to "needless remands for 'new evidence.'").

Accordingly, after due consideration, it is

---

[6] Moreover, Dr. Christensen's opinions may not be chronologically relevant. Implicit in the materiality requirement is that new evidence must relate to the period for which benefits were denied and not concern evidence of a later acquired disability or of the subsequent deterioration of the previously nondisabling condition. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). Dr. Christensen's letter is vague as to the timing of his treatment, identifying only that treatment began November 24, 2010, that "several initial evaluations" were conducted following the initial examination, and that Plaintiff subsequently re-started antipsychotic medications, which were adjusted over the course of approximately two years. (Doc. 23-B, p. 1). Given the proximity of Plaintiff's initial psychiatric evaluation by Ms. Gray on November 24, 2010, to the date of the ALJ's decision, January 5, 2011, it appears that most, if not all, Plaintiff's treatment with Dr. Christensen occurred outside the relevant period. See Hughes v. Comm'r of Soc. Sec. Admin., 2012 WL 3124866, at *1 (11th Cir. Aug. 2, 2012); see also Wilson, 179 F.3d at 1279 (noting the relevant question was whether the claimant was "entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision").

**ORDERED:**

1. Plaintiff's Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) (Doc. 20) is **DENIED.**

2. That, because the plaintiff has not filed a memorandum challenging the Commissioner's decision, the complaint is hereby **DISMISSED.** The Clerk shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 19th day of June, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record